UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

    v.

Jose Perez-Alonzo,

           Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 03-221(1) ADM/AJB
Civil No. 06-5066 ADM

_____

Andrew R. Winter, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Jose Perez-Alonzo, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Jose Perez-Alonzo's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion") [Docket No. 115]. In his Motion, Defendant asserts that his counsel's alleged failure to consult with him regarding filing an appeal constituted ineffective assistance of counsel. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On September 22, 2003, Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Plea Agreement [Docket No. 53] ¶ 2. The Plea Agreement calculated Defendant's advisory guidelines sentencing range as 57-71 months in prison, based on a total offense level of 24, which included a two point reduction for acceptance of responsibility, and a Criminal History

Category II. Id. ¶¶ 7-12. As part of the Agreement, Defendant waived all appellate rights. Id. ¶ 16. Additionally, Defendant waived his right to petition under 28 U.S.C. § 2255 on any grounds except ineffective assistance of counsel. Id. The Probation Office's Presentencing Report ("PSR") calculated the same total offense level as the Plea Agreement. However, the PSR determined that Defendant was in Criminal History Category III because of prior convictions and a probation status that were not contemplated by the Plea Agreement. The PSR found the appropriate guidelines range was 63-78 months.

On December 30, 2003, Defendant failed to appear for sentencing, and a Warrant was issued for his arrest [Docket No. 111]. Defendant was arrested on June 21, 2006 in California, and was returned to this District for sentencing. In light of Defendant's two-and-a-half years as a fugitive, the Probation Office supplemented the PSR in July 2006 (the initial PSR and the supplement will be collectively referred to as "the updated PSR"). The updated PSR calculated a total offense level of 28, a four point increase from the total offense level of 24 calculated in the Plea Agreement. This four point increase resulted from the loss of the two point deduction for acceptance of responsibility, and a two point enhancement for obstruction of justice. The updated PSR found Defendant's guidelines range to be 97-121 months. Defendant did not object to any of the findings in the initial or updated PSR.

On September 18, 2006, this Court sentenced Defendant to 97 months in prison. Judgment [Docket No. 113]. The Court accepted the updated PSR's calculation of the advisory guidelines range, and the Government agreed not to seek further charges in regard to Defendant's fugitive status. Sentencing Tr. [Docket No. 118] at 4, 9-10. The Court advised

Defendant of his right to appeal and the consequences of failure to file an appeal within ten days. Id. at 9.  Defendant did not appeal.

The Court received the instant Motion on December 22, 2006.  Defendant's Motion alleges that his "[c]ounsel failed to consult Defendant about filing an appeal."  Motion at 4. Defendant claims that he "did not receive the sentence bargained for, 64 months" and that he "would have, and wanted to, appeal."  Id.

### III. DISCUSSION

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Under Strickland v. Washington, 466 U.S. 668 (1984), a prisoner claiming ineffective assistance of counsel must show: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 687-88, 694.  Where the ineffective assistance claim is premised upon counsel's failure to consult a defendant regarding filing an appeal, the first prong of the Strickland test is satisfied

only when counsel has a constitutional duty to consult.  Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  Such a duty occurs "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Id.  The second Strickland prong is satisfied when the defendant "demonstrate[s] that, but for counsel's deficient conduct, he would have appealed."  Id. at 486.

Here, Defendant's claim that his counsel, Gary R. Bryant-Wolf ("Bryant-Wolf"), failed to consult him regarding filing an appeal is expressly denied by Bryant-Wolf, who states in paragraphs 2-5 of his affidavit:

> 2.  That prior to the sentencing hearing in this case he met with [Defendant] in the lock-up at the United States Courthouse, together with a Spanish-speaking interpreter.
>
> 3.  That he explained to [Defendant] the sentencing hearing process, his probable sentence and his right to appeal the sentence.
>
> 4.  That at the meeting [Defendant] stated he would not appeal.
>
> 5.  That after the sentencing hearing he spoke with [Defendant] in the courtroom and the [Defendant] stated that he did not want to appeal his sentence.

Bryant-Wolf Aff. (Government's Response to § 2255 Motion [Docket No. 119] Attach. 1).  Bryant-Wolf's affidavit is buttressed by the fact that this Court informed Defendant at the sentencing hearing of his right to appeal and the consequences of failure to timely file an appeal.  Sentencing Tr. at 9.  Based on this record, the Court finds that an evidentiary hearing is unnecessary to determine credibility issues.  Defendant's allegation that Bryant-Wolf failed to consult him regarding a possible appeal "cannot be accepted as true because [it is] contradicted by the record."  Engelen, 68 F.3d at 240.

Further, Defendant's allegation is "inherently incredible." Id. Defendant claims "he would have, and wanted to, appeal." Motion at 4. However, this Court notified Defendant at his sentencing hearing that he must file an appeal within ten days. Given the Court's clear warning, and counsel's affidavit that he discussed a possible appeal with Defendant both before and after the sentencing hearing, Defendant's bare allegation that counsel failed to consult with him regarding filing an appeal is not credible.

Moreover, the grounds for appeal identified by Defendant are frivolous. Defendant "objects to the two level increase f[or] obstruction of justice and the failure to award a two level decrease for acceptance of responsibility." Def.'s Reply [Docket No. 120]. However, Defendant failed to appear for the scheduled December 2003 sentencing hearing and spent two-and-a-half years as a fugitive. Therefore, he clearly has no basis to argue that he did not obstruct justice or that his conduct was consistent with acceptance of responsibility. Defendant also "objects to the increase from category II to category III in the PSR." Id. However, Defendant never objected to the relevant factual findings (the prior convictions and probation status) in the updated PSR that supported placing Defendant in Criminal History Category III.

The record shows that Defendant pleaded guilty, waived his appellate rights in the Plea Agreement, and had no discernible grounds for appeal. Therefore, the record is consistent with defense counsel's assertion that he discussed an appeal with Defendant and that Defendant decided not to appeal, presumably because such an appeal would be fruitless. Defendant can not show that his counsel failed to consult with him regarding filing an appeal, or that he would have appealed but for counsel's alleged deficient performance. Defendant's Motion is denied without

an evidentiary hearing because the record conclusively shows that Defendant is not entitled to relief.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jose Perez-Alonzo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 115] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 6, 2007.